IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------x
                                                 :
TATYANA ISHUTKINA                                :       3:13 CV 1699 (CSH)
                                                 :
                                                 :
v.                                               :
                                                 :
MCGUIRE WOODS LLP                                :       DATE: MARCH 7, 2014
                                                 :
                                                 :
-------------------------------------------------x
```

RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On November 15, 2013, plaintiff Tatyana Ishutkina commenced this action pro se, against defendant McGuire Woods LLP arising out of her former employment with Electric Boat Corporation. (See Dkt. #1). On the same day plaintiff commenced this action, she also filed a Motion for Leave to Proceed In Forma Pauperis (Dkt. #3), which motion was referred to this Magistrate Judge from Senior United States District Judge Charles S. Haight, Jr. on December 2, 2013. (Dkt. #5). Four days later, a Ruling on Plaintiff's Motion for Leave to Proceed IFP ["December Ruling"] was filed, familiarity with which is presumed. (Dkt. #6).

I. PROCEDURAL BACKGROUND

In the December Ruling, plaintiff's IFP motion was granted but in assessing plaintiff's "broad" allegations of ethnicity and gender discrimination, breach of contract, fraud, and misrepresentation, the Ruling observed that while "plaintiff repeatedly alleges 'Damages caused by the [named defendant] Law Firm McGuire Woods LLP[,]'" plaintiff fails to explain "McGuire Woods' relationship to her, especially given that, . . . plaintiff was employed by, and

later terminated from, Electric Boat." (At 3)(footnote & citation omitted). [1] Thus, "[i]n construing her Complaint as liberally as possible in light of unintelligible allegations," the December Ruling concluded that "it appears that plaintiff is alleging that McGuire Woods LLP is somehow liable for alleged discrimination by her former employer." (At 4). The December Ruling continued: "As drafted, this Magistrate Judge cannot make out a cognizable claim for relief, and particularly not a claim for relief against this name defendant. Accordingly, this Court directs plaintiff to amend her Complaint to comply with the pleading standard of Rule 8 of the Federal Rules of Civil Procedure." (Id.).

On December 31, 2013, plaintiff filed her 128-page Amended Complaint, which

---

[1]The December Ruling also observed:

[T]his is hardly plaintiff's first entrée into a legal forum. As she recounts in the exhibits attached to her Complaint, she sued Electric Boat in July 2011 in the U.S. District Court for the District of Massachusetts, which case was dismissed in October 2011; plaintiff appealed that case to the First Circuit Court of Appeals, and in June 2012, that case was dismissed. (Dkt.#1, Exh "E" at 2-4). Plaintiff commenced a case in the Superior Court in Connecticut in October 2011, which was removed to this Court in November 2011. (Id. at 4-5; see Ishutkina v. Electric Boat, 3:11-CV-1784(RNC)). Plaintiff withdrew that case one year later. (Id. at 5). Then, in October 2012, plaintiff commenced an action against General Dynamics Corporation in Fairfax Circuit Court in Virginia; it was removed to the U.S. District Court for the Eastern District of Virginia, and remanded back to Fairfax Circuit Court in January 2013. (Id. at 6-7). The case was dismissed in May 2013, and plaintiff filed an appeal to the Supreme Court of Virginia, along with a motion to transfer the case back to the U.S. District Court for the Eastern District of Virginia, filed in June 2013. The motion to transfer was denied, and plaintiff filed an appeal to the Fourth Circuit Court of Appeals. (Id. at 7). In June 2013, plaintiff filed a motion to reopen her case in this Court, and she filed a suit in the Connecticut Superior Court against Electric Boat. (Id. at 7; 3:11-CV-1784, Dkt. #43). On August 2, 2013, plaintiff filed another action in this Court, this time against Morgan, Brown & Joy LLP; that complaint is remarkably similar to the Complaint filed in this case. (Ishuntkina v. Morgan, Brown & Joy LLP, 13-CV-1117(VLB), Dkt. #1). On September 23, 2013, that case was dismissed and plaintiff has filed two motions to re-open. (Dkts. ##22-23, 25).

(At 2-3).

includes a 62-page "Preamble to the Amended Complaint[.]" (Dkt. #7).[2]  On February 22, 2014, plaintiff filed her First Motion for Default Judgment (Dkt. #15), which Judge Haight denied without prejudice five days later as plaintiff failed to file a motion for default entry pursuant to Federal Rule of Civil Procedure 55(a).  (Dkt. #16).  The next day, plaintiff filed her First Motion for Default Entry Pursuant to Rule 55(a) (Dkt. #17), which motion was granted on March 3, 2014.  (Dkt. #18).  On March 3, 2014, plaintiff filed her Second Motion for Default Judgment (Dkt. #19),[3] which motion was referred to this Magistrate Judge from Judge Haight two days later.  (Dkt. #20).

## II. MOTION FOR DEFAULT JUDGMENT

In this case, where default has entered against defendant, all factual allegations in the complaint are accepted as true, except those relating to damages.  Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)(citations omitted); see also Atlantic Recording Corp. v. Brennan, 534 F. Supp. 2d 278, 280 (D. Conn. 2008)(internal quotations & citations omitted).  The district court "has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action[.]" Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981), citing 10 C. Wright & A. Miller, Federal Practice & Procedure: Civil §

---

[2]Plaintiff refers to the undersigned no less than fifty-nine times throughout this Preamble. Plaintiff claims that she filed this case in Hartford, "did not receive any correspondence from the District Judge that was assigned to her case[,]" and "[c]onclu[des]" that "Judge Joan G. Margolis based on her individual initiative took this case for her personal interest."  (Dkt. #7-1, at 18). Plaintiff also states: "Because Judge Joan G. Margolis formed a preconceived opinion[,] [p]laintiff is requesting transfer [sic]  this case to another Judge." (Dkt. #7-1, at 17).  As stated above, this case is assigned to the Honorable Charles S. Haight, Jr., Senioir U.S. District Judge, who referred this case to this Magistrate Judge, first on December 2, 2013 for a Ruling on plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. #5), and again on March 5, 2014 for a Recommended Ruling on Plaintiff's Motion for Entry of Default Judgment.  (Dkt. #20).

[3]Attached to plaintiff's Motion is an affidavit in support, sworn to March 3, 2014.

3

2688, at 280-81, 282 (1973). Specifically, Rule 55(b)(2) "permits a district court to 'conduct hearings or make referrals' in order to, among other things, 'determine the amount of damages[,] establish the truth of any allegation by evidence[,] or investigate any other matter.'" Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 233 (2d Cir. 2012), quoting FED. R. CIV. P. 55(b)(2)(B)-(D). In considering plaintiff's motion for default judgment, the court treats plaintiff's allegations against defendant McGuire Woods LLP as true, and the court "will then analyze those facts" alleged in her complaint "for the sufficiency to state a claim." Rolex Watch, USA, Inc. v. Pharel, No 09 CV 4810(RRM)(ALC), 2011 WL 1131401, at *2 (E.D.N.Y. Mar. 11, 2011)(internal quotations & citation omitted), Magistrate Judge's Recommended Ruling approved absent objection, 2011 WL 1130467 (E.D.N.Y. Mar. 28, 2011); see Priestley v. Headminder, Inc., 647 F.3d 497, 505 (2d Cir. 2011).

In her Amended Complaint, plaintiff alleges discriminatory conduct by her former employer, Electric Boat, which ultimately led to her termination on July 5, 2011. However, plaintiff does not seek to hold Electric Boat, or its parent company, General Dynamics Corporation, liable for the alleged discriminatory conduct. Rather, plaintiff seeks to hold McGuire Woods, as the law firm that represented General Dynamics in a separate action in Virginia,[4] liable for the alleged discrimination and harassment. Plaintiff alleges five causes of action: (1) "Discrimination against minorities (engineer, researcher, PhD student, origin of birth, an employee with non-reversible changed in the body resulted from surgery), and women"; (2) "Discrimination in Employment"; (3) "Breach of contract: non-participation of the other side"; (4) "Fraud: misleading of the judicial institutions"; and (5) "Misrepresentation

---

[4]See note 1 supra.

- euphoric condition, stress, physical condition of the attorneys required medical examination." (Dkt. #7-1, at 30-43).

Plaintiff alleges that defendant was the "organizer[ ] of the 'work under fear of being fired[,]'" (Dkt. #7-1, at 30), and defendant's role was "[d]efending the Company[.]" (Id. at 42). Plaintiff demands reinstatement to her former job; "a decision in the aspect of material compensation of the Plaintiff, who is unemployed since July 2011" in the amount of $1,248,000 for loss income ($96,000 annual salary x 13 years (retirement age)); $6,420,000 for "moral damage plus $1,000,000.00 loss on the short sale of the home plus $1,500,000 that were formed based on the request of [defendant] McGuire Woods LLP representing General Dynamics to pay attorney's fees by the Plaintiff" in the amount of $1,500, for a total demand of $9,988,000. (Dkt. #7-1, at 43-44). Similarly, plaintiff makes this same demand in her affidavit in support of her Motion for Entry of Default Judgment. (Dkt. #19-1).

Despite plaintiff's effort to amend her complaint, her Amended Complaint, even taking her largely unintelligible allegations as true, does not state a cognizable claim for relief against this named defendant. Moreover, her Amended Complaint does not put defendant on notice of the allegations against it, and does not satisfy the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. Thus, this Magistrate Judge recommends that plaintiff's Motion for Entry of Default Judgment under Rule 55(b) be denied and that this case be dismissed for failure to state a claim upon which relief may be granted.

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within fourteen days after service of same**); FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to**

**Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**).

Dated at New Haven, this 7th day of March, 2014.

                                           _/s/ Joan G. Margolis, USMJ_____
                                           Joan Glazer Margolis
                                           United States Magistrate Judge